IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| A & D DEVOTED LOGISTICS, LLC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUNORTH WARRANTY PLANS OF ) <br> NORTH AMERICA, LLC., ) <br> ) <br> Defendant. ) | No. 2:20-cv-02046-TLP-atc <br><br> JURY DEMAND |

**ORDER DENYING MOTION TO SET ASIDE ORDER STAYING PROCEEDINGS PENDING ARBITRATION**

Plaintiff moves to set aside the order granting a stay of proceedings pending arbitration. (ECF No. 31.) Defendant has responded. (ECF No. 32.) For the reasons below, the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff A & D Devoted Logistics, LLC ("A&D") sued Defendant TruNorth Warranty Plans of North America, LLC ("TruNorth") in Shelby County Chancery Court in December 2019. (ECF No. 1-2 at PageID 8.) According to the complaint, Plaintiff is a trucking company that "transports freight for hire" throughout the country. (*Id.* at PageID 9.) Dale Robinson, acting on Plaintiff's behalf, bought a used truck from a third-party seller, Azjor Truck and Equipment Inc. ("Azjor"), in April 2019. (*Id.* at PageID 9–10.) The Azjor sales representative assured Robinson that the truck was mechanically sound and that an "All-Inclusive Component Breakdown Limited Warranty" bought from Defendant would cover any breakdowns. (*Id.* at PageID 10.) Plaintiff bought the warranty. (*Id.*)

Robinson then flew to Texas to get the truck and drive it back to Memphis, Tennessee. (*Id.*)  The truck broke down on his way to Memphis and required a new diesel engine. (*Id.*) Plaintiff contacted Defendant to report the breakdown, and Defendant refused to authorize the necessary repairs. (*Id.*)  The truck remained out of service when Plaintiff sued. (*Id.* at PageID 11.)  Plaintiff sued for breach of contract, breach of express warranty, and violations of the Tennessee Consumer Protection Act.  (*Id.* at PageID 11–12.)

Defendant removed the case to this Court in January 2020. (ECF No. 1.)  After Defendant moved to dismiss and to compel arbitration (ECF No. 11), the parties jointly moved to stay proceedings pending arbitration (ECF No. 12).  According to the joint motion's supporting memorandum, the All-Inclusive Component Breakdown Limited Warranty Agreement (the "Agreement") between the parties designates arbitration as "the sole method of dispute resolution between the parties." (ECF No. 12-1 at PageID 43–44.)

The parties attached a copy of the Agreement. (ECF No. 12-2.)  In Section J of the Limited Warranty Terms and Conditions of the Agreement, it states:

> This Agreement shall be governed by and in accordance with the laws of the State of North Carolina, USA.  The parties agree that any action, suit, or proceeding arising out of or related to this Agreement, not submitted to arbitration, shall be instituted only in the state or federal courts located in Mecklenburg County, North Carolina, USA.  In the event of any dispute between parties concerning coverage under this Agreement, a written request to [Defendant] for Arbitration must be submitted.  [Plaintiff] agrees that Arbitration is the sole method of dispute resolution between parties.  [Plaintiff]'s written request for Arbitration must be done and received by [Defendant] within 30 days of the day claim is filed.  Each party will select one certified arbitrator.  The two arbitrators will then select a third arbitrator.  Each of the parties will pay equally the total of the three arbitrators selected.  The in-person arbitration hearing will take place only in Mecklenburg County, North Carolina unless both parties agree in writing to a different hearing location.  The rules utilized by the American Arbitration Association will apply.  A majority decision from the three arbitrators will be binding and final.  The determination and award of the arbitrators may be filed by the prevailing party in a court of proper jurisdiction and shall thereafter have the full force and effect of a judgment at law.

(*Id.* at PageID 49.)  In March 2020, the Court granted the parties' joint motion and stayed all proceedings pending arbitration.  (ECF No. 13.)

Plaintiff now asks the Court to set aside that order and lift the stay of proceedings.  (ECF No. 31.)  Plaintiff asserts that the Agreement does not require arbitration and that Defendant waived any right it may have had to arbitration.[1]  (ECF No. 31-1 at PageID 87.)

## ANALYSIS

### I.     No Procedural Grounds for Dissolving Stay

For starters, Defendant argues that Plaintiff's motion identifies no procedural grounds for dissolving the stay.  (ECF No. 32 at PageID 97.)  Defendant asserts that Plaintiff states no authority that would allow the Court to revisit a prior order and grant the relief Plaintiff seeks.  (*Id.*)  A party may seek relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 60.  Alternatively, a party may move to reconsider an interlocutory order under Local Rule 7.3 and Rule 54(b) of the Federal Rules of Civil Procedure.  *See* LR 7.3(a); Fed. R. Civ. P. 54(b).  Plaintiff's motion references none of these rules.

Defendant correctly points out that Rule 60 does not apply here.  Rule 60(a) applies only to clerical errors and mistakes related to oversight or omissions.  *See* Fed. R. Civ. P. 60(a).  Plaintiff does not base its motion on any such error or mistake.  And "Rule 60(b) applies only to

---

[1] Plaintiff also makes a passing reference to unconscionability in its introduction, based on "the extreme cost to empanel a three-person arbitration panel."  (ECF No. 31-1 at PageID 87.)  According to Plaintiff, "it would be unreasonable and cost prohibitive to arbitrate this dispute in a practical sense," and "no warrantee could reasonably afford to arbitrate such a dispute under these preconditions."  (*Id.*)  Because Plaintiff does not set forth the legal standard for unconscionability—let alone "suggest how such a standard is applicable" here—Plaintiff fails to develop this argument sufficiently and therefore waives this argument.  *See Leary v. Livingston Cnty.*, 528 F.3d 438, 449 (6th Cir. 2008); *see also Pritchard v. Hamilton Twp. Bd. of Trs.*, 424 F. App'x 492, 503 (6th Cir. 2011) ("Issues that are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

'final' orders." *Payne v. The Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006) (citation omitted); *see also* Fed. R. Civ. P. 60(b).  What is more, a party has only a year from the entry of the judgment or order to seek relief under Rule 60(b).  *See* Fed. R. Civ. P. 60(c)(1).  Here, the Court entered the order staying proceedings in March 2020.  (ECF No. 13.)  Plaintiff moved to set aside the stay in August 2021.  (ECF No. 31.)  And so Rule 60(c) bars Plaintiff from seeking relief under Rule 60(b).

Local Rule 7.3 requires a party seeking reconsideration of an interlocutory order under Rule 54(b) to show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b).  Plaintiff's motion to set aside the stay presents no newly-discovered or previously-unavailable factual or legal basis for revision.  Nor does Plaintiff argue that the Court failed to consider any facts or arguments when staying proceedings—Plaintiff did not present any arguments at that time.  And under Local Rule 7.3, "[m]otions to reconsider interlocutory orders are not otherwise permitted."  LR 7.3(a).

When the parties jointly moved to stay proceedings pending arbitration, Plaintiff "expressed no objection to arbitrating this matter in accordance with the Parties' Agreement." (ECF No. 12 at PageID 44.)  In granting that motion, the Court stayed proceedings and denied as moot Defendant's motion to dismiss and compel arbitration.  (ECF No. 13 at PageID 50.)  Each of the arguments Plaintiff seeks to raise now were available then.  Nothing prevented Plaintiff

from arguing that the arbitration provision contains a condition precedent and therefore does not apply here.

And Plaintiff's waiver argument relates to Defendant's conduct before moving to dismiss and compel arbitration. (ECF No. 31-1 at PageID 89–90.) Lastly, Plaintiff argues that the arbitration provision is unconscionable because of the cost of a three-person arbitration panel. (*Id.* at PageID 87.) As noted above, Plaintiff has not sufficiently developed this argument and has therefore waived it. *See Leary*, 528 F.3d at 449.

But Plaintiff could have raised this issue before agreeing to the stay of proceedings. Assuming Plaintiff read the full arbitration provision before that time, it would have known that the provision requires a panel of three certified arbitrators, that the parties split the cost of the three arbitrators equally, and that the rules used by the American Arbitration Association govern the arbitration process. (ECF No. 12-2 at PageID 49.) And the cost of the arbitration panel was easily discoverable through "the exercise of reasonable diligence."[2] *See* LR 7.3(b)(1).

In sum, Plaintiff could have raised the arguments it now asserts in response to Defendant's motion to dismiss and compel arbitration. But rather than respond to that motion, Plaintiff instead agreed to move jointly to stay proceedings pending arbitration. And so Defendant emphasizes that Plaintiff deliberately chose a strategy and now "must face the consequences of its actions." (ECF No. 32 at PageID 99.)

Although Defendant couches this argument in procedural terms, other grounds might also prevent Plaintiff from changing its position on whether the Agreement's arbitration provision applies. As the Sixth Circuit has stated, "[o]nce litigation commences, a party typically is bound

---

[2] American Arbitration Association rules, forms, and fees are easily available online. *See Rules, Forms & Fees*, Am. Arb. Ass'n, https://www.adr.org/Rules (last visited October 12, 2021).

by its action, whether it be a statement in a pleading, an admission during discovery, or an argument to the court by its counsel.  So too for a party's post-complaint conduct with respect to its arbitration rights." *Borror Prop. Mgmt., LLC v. Oro Karric North, LLC*, 979 F.3d 491, 495 (6th Cir. 2020) (internal citations omitted).

At bottom, Plaintiff offers no justification for failing to raise its arguments before agreeing to stay proceedings pending arbitration.  The Court therefore **DENIES** Plaintiff's motion to set aside the stay.  For the parties' benefit, the Court will also address the merits of Plaintiff's arguments.

## II.     Plaintiff's Arguments

### A.     Condition Precedent

Plaintiff argues that the arbitration provision sets a condition precedent when it states that "a written request to [Defendant] for Arbitration must be submitted . . . and received by [Defendant] within 30 days of the day claim is filed." (ECF No. 12-2 at PageID 49.)  Plaintiff therefore concludes that because it did not submit a written request for arbitration within 30 days, this dispute is not subject to the arbitration clause.  (ECF No. 31-1 at PageID 88.)  Defendant counters that this argument has nothing to do with the scope of the arbitration provision and relates only to Plaintiff's failure to comply with the Agreement's dispute resolution procedures. (ECF No. 32 at PageID 101.)  Defendant also argues that "the existence and satisfaction of conditions precedent are questions reserved for the arbitrator to determine." (*Id.* at PageID 100.)

Courts distinguish "between matters of procedural and substantive arbitrability" when determining whether an issue is for a court or an arbitrator to decide. *See Local 18 Int'l Union of Operating Eng'rs v. Ohio Contrs. Ass'n*, 644 F. App'x 388, 394 (6th Cir. 2016).  For example, the Supreme Court has stated that "a gateway dispute about whether the parties are bound by a

given arbitration clause raises a 'question of arbitrability' for a court to decide." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002) (citations omitted). "Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court." *Id.* (citations omitted); *see also Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 597 (6th Cir. 2013) ("Gateway disputes include whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." (internal quotation marks and citation omitted)). And so "courts presume that the parties intend courts, not arbitrators, to decide [gateway] disputes about 'arbitrability.'" *BG Grp., PLC v. Republic of Arg.*, 572 U.S. 25, 34 (2014).

"On the other hand, courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." *Id.* (citing *Howsam*, 537 U.S. at 86). "These procedural matters include claims of 'waiver, delay, or a like defense to arbitrability.'" *Id.* at 35 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)). And "the satisfaction of 'prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate.'" *Id.* (quoting *Howsam*, 537 U.S. at 85). "If doubt exists over whether a dispute falls on one side or the other of this line, the presumption in favor of arbitrability makes the question one for the arbitrator." *United SteelWorkers of Am., AFL-CIO-CLG v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 419 (6th Cir. 2007) (citing *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 650–51 (1986); *Moses H. Cone*, 460 U.S. at 24–25).

As discussed above, Plaintiff's motion raises no valid challenge to the arbitration Agreement's validity or enforceability.³ And Plaintiff's condition precedent argument does not relate to the arbitration provision's scope—in other words the types of disputes it covers. *See Howsam*, 537 U.S. at 84. Indeed, under the Agreement, "[a]rbitration is the sole method of dispute resolution between parties." (ECF No. 12-2 at PageID 49.) Plaintiff does not account for or address this language. *See United States ex rel. Paige v. BAE Sys. Tech. Sols. & Servs., Inc.*, 566 F. App'x 500, 503 (6th Cir. 2014) ("In determining whether a claim falls within the scope of an arbitration clause, [courts] look to the plain language of the agreement." (citation omitted)). Because Plaintiff's argument does not relate to the arbitration agreement's validity or its applicability to this type of controversy, the Court finds that Plaintiff raises no gateway dispute about arbitrability.

Plaintiff's condition precedent argument raises at best a question of procedural arbitrability. *See BG Grp.*, 572 U.S. at 34–35. As explained above, "disputes about the meaning and application of particular procedural preconditions for the use of arbitration" are presumptively for arbitrators to decide. *Id.* at 34. And this includes the satisfaction of time limits, notice, and other conditions precedent. *Id.* at 35; *Howsam*, 537 U.S. at 85; *see also Saint Gobain*, 505 F.3d at 422 ("A time-limitation provision involves a matter of procedure; it is a 'condition precedent' to arbitration; and it thus is 'presumptively' a matter for an arbitrator to decide." (internal citations omitted)). For that reason, Plaintiff must overcome the presumption that the arbitrator should decide this issue.

---

³ The Court found above that because Plaintiff did not sufficiently develop its argument on unconscionability, Plaintiff therefore waived it. *See Leary*, 528 F.3d at 449.

But Plaintiff points only to the language of the arbitration provision, and nothing in that language rebuts this presumption. Plaintiff cites no case law related to its condition precedent argument. And Plaintiff's interpretation of the arbitration provision—one which stretches the provision's language almost to a breaking point—does not persuade the Court that the parties intended for a judge to decide this issue rather than an arbitrator.

The Court therefore finds that an arbitrator should resolve the parties' dispute over the meaning of the provision. *See Saint Gobain*, 505 F.3d at 419. As a result, this argument provides no basis for setting aside the stay of proceedings pending arbitration.

**B.      Waiver**

Plaintiff also argues that Defendant waived any right it had to arbitration by moving the litigation from state court to this Court. (ECF No. 31-1 at PageID 89.) Because federal policy favors arbitration agreements, "the waiver of the right to arbitration is not to be lightly inferred." *Borror Prop. Mgmt., LLC*, 979 F.3d at 494 (internal quotation marks and citations omitted); *see also Systran Fin. Servs. Corp. v. Giant Cement Holding, Inc.*, 252 F. Supp. 2d 500, 508 (N.D. Ohio 2003) ("[T]he party seeking to prove waiver has a heavy burden."). The Sixth Circuit has held that a party implicitly waives its right to arbitration when: "(1) the party's acts are 'completely inconsistent' with its arbitration right and (2) the party's conduct is prejudicial to an opposing party—for example, when the party significantly delays asserting its arbitration right." *Borror Prop. Mgmt., LLC*, 979 F.3d at 494 (quoting *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 827–28 (6th Cir. 2015)).

Defendant removed this case to federal court in January 2020 and moved to dismiss and compel arbitration in February 2020. (ECF Nos. 1 & 11.) The parties then jointly moved to stay proceedings pending arbitration. (ECF No. 12.) But Plaintiff argues that Defendant "acted to

9

further litigation" by removing the case to federal court, filing corporate disclosures, seeking an extension of time to answer, and having additional counsel appear on its behalf. (ECF No. 31-1 at PageID 90.) Plaintiff cites no legal authority suggesting that any of this conduct is "completely inconsistent" with Defendant's right to arbitration. What is more, Plaintiff does not show or even allege any resulting prejudice. Defendant did not delay in asserting its right to arbitration. Instead, Defendant raised this issue in its initial response to Plaintiff's complaint by moving to dismiss and compel arbitration. Plaintiff then joined in a request to stay this case so the parties could go to arbitration. The Court therefore finds that Plaintiff's waiver argument lacks merit.

## CONCLUSION

Based on the above, the Court **DENIES** Plaintiff's motion to set aside the order staying proceedings pending arbitration.

**SO ORDERED**, this 20th day of October, 2021.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE