IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| A & D DEVOTED LOGISTICS, LLC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUNORTH WARRANTY PLANS OF ) <br> NORTH AMERICA, LLC., ) <br> ) <br> Defendant. ) | No. 2:20-cv-02046-TLP-atc <br><br> JURY DEMAND |

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS

This case from June 2020 is a contract dispute removed from the Shelby County Chancery Court under diversity jurisdiction. Plaintiff A & D Devoted, LLC of Memphis, Tennessee sued Defendant TruNorth Warranty Plans of North America, LLC of Huntersville, North Carolina for breach of contract, breach of warranty, and violation of the Tennessee Consumer Protection Act. (ECF No. 1.) For the reasons discussed below, the Court **GRANTS** Defendant's unopposed motion to dismiss and **DISMISSES** Plaintiff's action **WITH PREJUDICE**.

## BACKGROUND

According to the original complaint, Plaintiff is a trucking company that "transports freight for hire" throughout the country. (*Id.* at PageID 9.) Dale Robinson, acting on Plaintiff's behalf, bought a used truck from a third-party seller, Azjor Truck and Equipment Inc. ("Azjor"), in April 2019. (*Id.* at PageID 9–10.) The Azjor sales representative allegedly assured Robinson that the truck was mechanically sound and that an "All-Inclusive Component Breakdown

Limited Warranty" bought from Defendant would cover any breakdowns. (*Id.* at PageID 10.) Plaintiff bought the warranty. (*Id.*)

Robinson then flew to Texas to get the truck and drive it back to Memphis, Tennessee. (*Id.*) The truck broke down on his way to Memphis and needed a new diesel engine. (*Id.*) Plaintiff reported the breakdown to Defendant, and Defendant refused to authorize the necessary repairs. (*Id.*) When he sued, Plaintiff still had not gotten the truck repaired. (*Id.* at PageID 11.) As a result, Plaintiff sued for breach of contract, breach of express warranty, and violations of the Tennessee Consumer Protection Act. (*Id.* at PageID 11–12.)

In January 2020, Defendant removed the case to this Court under diversity jurisdiction. (ECF No. 1.) A month later, Defendant moved to dismiss the case and to compel arbitration because Plaintiff's claims were "subject to an enforceable arbitration agreement." (ECF No. 11-1 at PageID 33.) Plaintiff later joined this motion as it had "no objection to arbitrating this matter in accordance with the Parties' Agreement[.]" (ECF No. 12-1.) According to the joint motion's supporting memorandum, the All-Inclusive Component Breakdown Limited Warranty Agreement ("Agreement") between the Parties designates arbitration as "the sole method of dispute resolution between the parties." (*Id.* at PageID 43–44.)

The Parties attached a copy of that Agreement. (ECF No. 12-2.) Section J of the Limited Warranty Terms and Conditions of the Agreement includes the arbitration provision.

> This Agreement shall be governed by and in accordance with the laws of the State of North Carolina, USA. The parties agree that any action, suit, or proceeding arising out of or related to this Agreement, not submitted to arbitration, shall be instituted only in the state or federal courts located in Mecklenburg County, North Carolina, USA. In the event of any dispute between parties concerning coverage under this Agreement, a written request to [Defendant] for Arbitration must be submitted. [Plaintiff] agrees that Arbitration is the sole method of dispute resolution between parties. [Plaintiff]'s written request for Arbitration must be done and received by [Defendant] within 30 days of the day claim is filed. Each party will select one certified arbitrator. The two arbitrators will then select a

>third arbitrator.  Each of the parties will pay equally the total of the three arbitrators selected.  The in-person arbitration hearing will take place only in Mecklenburg County, North Carolina unless both parties agree in writing to a different hearing location.  The rules utilized by the American Arbitration Association will apply.  A majority decision from the three arbitrators will be binding and final.  The determination and award of the arbitrators may be filed by the prevailing party in a court of proper jurisdiction and shall thereafter have the full force and effect of a judgment at law.

(*Id.* at PageID 49.)  In March 2020, the Court granted the Parties' joint motion for stay of all proceedings pending arbitration.  (ECF No. 13.)

The Court held status conferences with the Parties in October 2020 and April 2021 to check on the progress of the arbitration.  (ECF Nos. 16, 18.)  In April 2021, Plaintiff announced a change of course and that it now opposes arbitration.  (ECF No. 20.)  Plaintiff's counsel said he would move to lift the stay and for declaratory judgment.  (ECF No. 21.)

But in June 2021 Plaintiff filed a memorandum opposing the same motion it had joined in March 2020.  (See ECF No. 12-1.)  Plaintiff tried to oppose Defendant's earlier motion to dismiss and compel arbitration.  (ECF No. 21.)  The Court held a status conference in July 2021.  (ECF No. 28.)  At the conference, the Court expressed concern as to why Plaintiff filed a response to Defendant's motion to dismiss and compel arbitration when the Court already stayed the case based on the Parties' joint motion.  (*Id.*)  For its part, Defendant noted that 14 months had elapsed since the Court stayed the case for the Parties to arbitrate, yet Plaintiff had not filed the arbitration still.  (*Id.*)  At the end of the conference the Court said it would consider a motion to lift the stay if Plaintiff so moved.  (*Id.*)

In August 2021, Plaintiff moved to set aside the stay, which Defendant opposed.  (ECF Nos. 31, 32.)  Finding Plaintiff had no procedural grounds for dissolving the stay, the Court denied Plaintiff's motion.  (ECF No. 33.)  Beyond Plaintiff's lack of procedural grounds for its

motion, the Court stressed Sixth Circuit precedent on parties changing their position in the middle of litigation:

> As the Sixth Circuit has stated, "[o]nce litigation commences, a party typically is bound by its action, whether it be a statement in a pleading, an admission during discovery, or an argument to the court by its counsel. So too for a party's post-complaint conduct with respect to its arbitration rights." *Borror Prop. Mgmt., LLC v. Oro Karric North, LLC*, 979 F.3d 491, 495 (6th Cir. 2020) (internal citations omitted).
>
> At bottom, Plaintiff offers no justification for failing to raise its arguments before agreeing to stay proceedings pending arbitration. The Court therefore **DENIES** Plaintiff's motion to set aside the stay.

(ECF No. 33 at PageID 127–28 (denying Plaintiff's motion to stay in October 2021).)

For almost 16 months, the Parties filed nothing. In February 2023, the Court held a status conference with the Parties. (ECF No. 35.) The Court advised Plaintiff that it had until close of business on May 15, 2023, to file for arbitration or the Court would entertain a motion to dismiss. (*Id.*)

That deadline passed without movement from Plaintiff. On May 16, 2023, Defendant moved to dismiss Plaintiff's action for failure to state a claim upon which relief can be granted. (ECF No. 36-1.) Plaintiff has not responded. The Court now turns to Defendant's unopposed motion.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Although a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Court now applies this standard to Defendant's counterclaim.

## ANALYSIS

Under the Court's Local Rules, memoranda opposing motions to dismiss must be filed "within 28 days after the motion is served." W.D. Tenn. Rule 12.1. Defendant moved to dismiss here May 16, 2023. The deadline for Plaintiff to respond has long passed without a response. The Court finds that Defendant's motion to dismiss with prejudice is unopposed.

Defendant moves to dismiss the case for one main reason: Plaintiff's claims are subject to an enforceable arbitration agreement. (ECF No. 36-1 at PageID 139.) "This matter has been stayed before the Court for over three (3) years pending arbitration and Plaintiff has yet to initiate the same." (*Id.* at PageID 142.) The Court agrees.

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Stout v. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). The FAA was designed to "override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Id.* (citing United States Supreme Court precedent). Courts must examine contractual language in favor of arbitration. *Id.*; *see also Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007) ("We

5

examine arbitration language in a contract in light of the strong policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration.").

The Court finds that Plaintiff's claims here are subject to an enforceable arbitration agreement. Both Parties agreed to that in their joint motion to stay proceedings pending arbitration. (ECF No. 12-1 at PageID 43–44 ("Arbitration is the sole method of dispute resolution between the parties.")  And as the Court already discussed in a previous order granting the Parties' joint motion to stay the case (ECF No. 33), Plaintiff identified no procedural grounds for dissolving this stay. (*Id.* at PageID 125–28.)  Moreover, the Court has already addressed Plaintiff's substantive grounds—condition precedent and waiver—for sidestepping the arbitration agreement it entered with Defendant. (*Id.* at PageID 128–32.)   And the Court rejected Plaintiff's positions. (*Id.*)  There is nothing left to say.

## **CONCLUSION**

Based on the above, the Court **GRANTS** Defendant's unopposed motion and **DISMISSES** Plaintiff's claim with prejudice.

**SO ORDERED**, this 9th day of August, 2023.

        s/Thomas L. Parker
        THOMAS L. PARKER
        UNITED STATES DISTRICT JUDGE